1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SINO TADZHIDINOV,                          No. 1:26-cv-00730-DAD-EFB

12                 Petitioner,

13          v.                                  ORDER GRANTING PETITIONER'S
                                                PETITION FOR WRIT OF HABEAS
14   CHRISTOPHER CHESTNUT, et al.,              CORPUS AND DENYING PETITIONER'S
                                                MOTION FOR A TEMPORARY
15                 Respondents.                 RESTRAINING ORDER AS MOOT

16                                              (Doc. Nos. 1, 2)

17

18          On January 28, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28

19   U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement

20   ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining

21   order requesting his immediate release and an order enjoining respondents from re-detaining him

22   without first providing a pre-detention hearing before a neutral adjudicator where respondents

23   would bear the burden to demonstrate that he is a danger to the community or a flight risk. (Doc.

24   No. 2.) On January 29, 2026, the court set a briefing schedule for petitioner's motion for a

25   temporary restraining order and directed respondents to address whether any provision of law or

26   fact in this case would distinguish it from the circumstances addressed in this court's recent

27   decisions in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606

28   (E.D. Cal. Dec. 9, 2025), where the court concluded that due process required a pre-detention

                                                1

1  hearing to protect the petitioner's liberty interest in his continued release following his parole

2  pursuant to 8 U.S.C. § 1182(d).  (Doc. No. 5.)

3       On January 30, 2026, respondents filed an opposition to the motion for temporary

4  restraining order.  (Doc. No. 8.)  Respondents concede therein that there does not appear to be any

5  substantive distinctions between this case and *Rocha Chavarria*.  (*Id.* at 1.)  Respondents also

6  state that they do not oppose converting the motion for temporary restraining order to a motion

7  for preliminary injunction.  (*Id.*)  Moreover, respondents state that they are amenable "to a

8  determination on the underlying habeas petition without further briefing."  (*Id.*)

9       In support of his petition for writ of habeas corpus and motion for a temporary restraining

10  order, petitioner presents evidence of the following.

11       Petitioner entered the United States on April 11, 2022, was detained by immigration

12  authorities on a date unknown to the court, and on February 3, 2023 was released from detention

13  on parole.  (Doc. No. 1 at ¶¶ 14–15.)  Petitioner was re-detained by ICE on November 25, 2025,

14  when he reported as directed for his scheduled check-in appointment.  (*Id.* at ¶¶ 18–19.)

15       Because respondents have conceded that this case is not substantively distinct from the

16  court's prior order in *Rocha Chavarria*, the court incorporates and adopts the reasoning set forth

17  in that order and finds that petitioner's continued detention violates due process.

18       For the reasons above,

19       1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as

20             follows:

21             a.    Respondents are ORDERED to immediately release petitioner from

22                   respondents' custody with the same conditions he was subject to

23                   immediately prior to his detention on November 25, 2025;

24             b.    Respondents are ENJOINED AND RESTRAINED from re-detaining

25                   petitioner for any purpose, absent exigent circumstances, without providing

26                   petitioner notice and a pre-detention hearing before an immigration judge

27                   where respondents will have the burden to demonstrate that petitioner is a

28                   danger to the community or a flight risk;

1      2.      Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby

2              DENIED as having been rendered moot in light of this order;

3      3.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4      4.      The Clerk of the Court is DIRECTED to close this case.

5      IT IS SO ORDERED.

6
Dated:    **February 2, 2026**                _____

7                                        DALE A. DROZD
                                         UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28